**Mamdough Mohamed ABBAS, a/k/a Mandough Abbas, Petitioner,**

v.

**John ASHCROFT, Attorney General Justice Department & Immigration and Naturalization Service, Respondents.**

No. 02–4449–AG.

United States Court of Appeals, Second Circuit.

April 6, 2005.

Michael Okechuku, Newark, NJ, for Petitioner.

Elliot M. Schachner, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York; Varuni Nelson, Steven Kim, Assistant United States Attorneys, on the brief), Brooklyn, NY, for Respondent.

Present: SOTOMAYOR, RAGGI, and HALL, Circuit Judges.

Petitioner Mamdough Mohamed Abbas ("Abbas" or "petitioner") petitions for review of an August 6, 2002 order of the BIA denying his motion to reopen his application for asylum and withholding of removal. We assume the parties' familiarity with the facts and procedural history of the case.

The BIA has broad discretion in deciding motions to reopen, see *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992), and we review the denial of a motion to reopen only for abuse of discretion, see *Iavorski v. United States INS*, 232 F.3d 124, 128 (2d Cir.2000). We have found abuse of discretion where the BIA fails to consider the issues before it, or fails to explain properly its reasoning. See *Zhao v. United States Dep't of Justice*, 265 F.3d 83, 97 (2d Cir.2001). Where the record indicates that the BIA has not properly considered an issue before it, we remand the case for further consideration. See *INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). We also ordinarily remand where the basis of the BIA's decision is unclear. *Cf. SEC v. Chenery Corp.*, 332 U.S. 194, 197, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947) (" 'We must know what a decision means before the duty becomes ours to say whether it is right or wrong.' " (citation omitted)).

Petitioner claims that changed country conditions put him at risk of persecution on account of his religion. The BIA rejected the claim primarily because it found that petitioner had not credibly testified regarding his conversion to Christianity during the original asylum proceeding. [A 3–5] However, the facts as alleged by petitioner present the possibility of persecution on account of religion regardless of Abbas's *actual* beliefs. Specifically, Abbas claims that his father had issued a *fatwa* in Egypt threatening Abbas's life based on his perceived apostasy [A 13–14]; this threat could exist even if petitioner has not truly converted to Christianity. Because aliens may receive asylum or withholding of removal based on imputed characteristics as well as actual characteristics, see, e.g., *Matter of S–P–*, 21 I. & N. Dec. 486, 489 (BIA 1996); see also *Amanfi v. Ashcroft*, 328 F.3d 719, 721 (3d Cir.2003), and because petitioner has alleged facts that present the possibility of persecution based on imputed characteristics, the BIA was obliged to consider, regardless of its assessment of petitioner's actual religious beliefs, whether the *fatwa* had created a well-founded fear of persecution based on imputed Christianity. We note, moreover, that credibility determinations with respect to actual religious belief do not necessarily bear on whether petitioner credibly alleged a *fatwa* on his life based on imputed religion. Because the BIA appears not to have fully considered these issues, we hold that it abused its discretion.

We have considered petitioner's remaining arguments and find them to be without merit.

For the foregoing reasons, the petition for review is GRANTED, and the BIA's denial of the motion to reopen is VACATED and the case REMANDED for further proceedings consistent with this order.